E-FILED IN OFFICE - CP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

20-C-03929-S2
6/25/2020 10:51 AM

CLERK OF STATE COURT

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| CURTHICHA FELIX,<br><br>Plaintiff,<br><br>vs.<br><br>LYFT, INC. (DE),<br>THE TRAVELERS COMPANIES, INC.,<br>AND MICHELLE DENA SHAFAU,<br><br>Defendants. | CASE NO: 20-C-03929-S2<br><br>JURY TRIAL DEMAND |

### COMPLAINT FOR DAMAGES

COMES NOW, Curticha Felix, Plaintiff herein, and through the undersigned counsel files this Complaint for Damages against Defendants Lyft, Inc. (DE), The Travelers Companies, Inc. and Michelle Dena Shafau and hereby shows this Honorable Court as follows.

### PARTIES, JURISDICTION, VENUE, AND SERVICE OF PROCESS

1.

Plaintiff Curticha Felix is a citizen of the State of Florida and by bringing this action subjects herself to the jurisdiction of this Court.

2.

Defendant Lyft, Inc. (DE) is a Delaware corporation with its principal place of business located in the state of California at 185 Berry Street, Ste. 5000, San Francisco, California 94107. It may be served through its registered agent, C T CORPORATION SYSTEM at 289 S. Culver Street, Lawrenceville, GA 30046.

3.

Defendant The Travelers Companies, Inc. is a foreign corporation transacting business in

Georgia. Defendant The Travelers Companies, Inc. has no registered agent on file with the Secretary of State. Therefore, pursuant to O.C.G.A. §14-2-504, corporate Defendant The Travelers Companies, Inc. may be served with summons and process by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the secretary of corporation The Travelers Companies, Inc. at Defendant The Travelers Companies, Inc.'s principle office, 485 Lexington Avenue, New York, NY, 10017.

4.

Defendant Michelle Dena Shafau is domiciled in Georgia and is subject to the jurisdiction of this Court. Defendant may be served with process at 3163 W Point Circle, Douglasville, Georgia 30135.

5.

All Defendants are subject to jurisdiction and venue in this court.

## FACTS

6.

At all times pertinent to this action Defendant Michelle Dena Shafau was a transportation network company driver, as defined in O.C.G.A. § 33-1-24, logged onto the digital network for Lyft, Inc. and on call to accept ride requests.

7.

At all times pertinent to this action, Lyft, Inc. (DE) was engaged as a Transportation Network Company under the trade name of "Lyft."

8.

Defendant Michelle Dena Shafau, when operating a motor vehicle on behalf of Defendant Lyft, was required to display a trademarked "Lyft" logo on her motor vehicle provided to her by

Defendant Lyft.

9.

Defendant Lyft arranged for Defendant Michelle Dena Shafau to rent a motor vehicle from Rental Company, Hertz Vehicles LLC so that Defendant Michelle Dena Shafau could operate said vehicle on behalf of Defendant Lyft.

10.

While operating her motor vehicle on behalf of Defendant Lyft, Defendant Michelle Dena Shafau's actions and whereabouts were constantly monitored by Defendant Lyft.

11.

On the date of the subject incident wreck, Defendant Michelle Dena Shafau's actions were under the direction and control of Defendant Lyft.

12.

Specifically, Defendant Lyft directed Defendant Michelle Dena Shafau to drive to specific locations, provided a specific route for Defendant Michelle Dena Shafau to take, and then directed Defendant Michelle Dena Shafau to perform certain tasks at the destinations.

13.

In return for performing certain actions on behalf of Defendant Lyft, Defendant Michelle Dena Shafau was given money and other valuable consideration.

14.

If Defendant Michelle Dena Shafau had failed to perform the actions mentioned in the paragraphs above in accordance with the policies and procedures established by Defendant Lyft, Inc. she would have been financially penalized by Defendant Lyft.

15.

On or about February 15, 2019 at 5:26 p.m., Defendant Michelle Dena Shafau was operating a motor vehicle in the course and scope of employment for Defendant Lyft having accepted and agreed to transport a passenger on behalf of, and for the benefit of, Lyft in return for money and other valuable consideration from Defendant Lyft.

16.

At the time of the collision that gave rise to this lawsuit Defendant Michelle Dena Shafau was acting as an agent for Defendant Lyft.

17.

At the time of the collision that gave rise to this lawsuit Defendant Michelle Dena Shafau was in the employ of Defendant Lyft.

18.

On or about February 15, 2019 at 5:26 p.m., Defendant Michelle Dena Shafau was operating a 2017 Hyundai Elantra when she failed to yield while turning left and struck a 2016 Toyota Highlander operated by Janine Kupersmith near the intersection of McDonough Street and West College Avenue in Dekalb County.

## LIABILITY AND DAMAGES

19.

The investigating Police Officer cited Defendant Michelle Dena Shafau for failure to yield while turning left in violation of O.C.G.A. § 40-6-71.

20.

The subject incident collision was caused by negligence and reckless driving of Defendant Michelle Dena Shafau while in the course and scope of employment for Lyft.

21.

Defendant Michelle Dena Shafau, in the course and scope of employment for Lyft, failed to exercise ordinary care in that she:

- a. While intending to turn to the left within an intersection failed to yield the right of way to a vehicle approaching so close thereto as to constitute an immediate hazard, in violation of O.C.G.A. § 40-6-71, which is negligence as a matter of law.
- b. Operated a motor vehicle in reckless disregard for the safety of persons or property in violation of O.C.G.A. § 40-6-390, which is negligence as a matter of law.
- c. Failed to maintain a proper lookout for other vehicles on the roadway.
- d. Failed to maintain control of the vehicle she was operating.
- e. Failed to operate her vehicle in a safe and prudent fashion and instead negligently and recklessly caused the subject incident collision.
- f. Violated such additional provisions of Georgia law as may be determined through discovery and proven at trial.

22.

Defendant Lyft is liable to Plaintiff because:

- a. Liability is imputed to Defendant Lyft for the negligence of Defendant Michelle Dena Shafau under principles of agency and respondeat superior.
- b. Defendant Lyft is liable for independent negligence in that it failed to exercise ordinary care in hiring, screening, employing, training and supervising Defendant Michelle Dena Shafau.

c.  Defendant Lyft is liable for independent negligence related to violations of such additional provisions of Georgia law as may be determined through discovery and proven at trial.

23.

All of Plaintiff's injuries and damages were proximately caused by the actions and negligence of the Defendants herein.

24.

Plaintiff was not negligent in any way in the incident in which she was injured.

25.

Defendants are liable for the injuries and damages sued for herein, said acts and omissions being the proximate cause of Plaintiff's injuries and damages.

26.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained personal injuries, special damages, lost wages, and general damages for which she is entitled to compensation from Defendant in an amount to be determined at trial.

27.

As a direct and proximate result of Defendants' negligence, Plaintiff will continue to suffer both general and special damages in the future, including expenses for future medical treatment, the exact amount to be proven at trial.

## **BAD FAITH AND STUBBORN LITIGOUSNESS**

28.

Defendants have acted in bad faith, been stubbornly litigious, and caused the Plaintiff unnecessary trouble and expense. Accordingly, Plaintiff is entitled to recover damages pursuant

to O.C.G.A. § 13-6-11.

29.

If Defendants deny that they were negligent and caused the collision, and Plaintiff later proves Defendants acted in bad faith, were stubbornly litigious, or caused the Plaintiff unnecessary trouble and expense as contemplated in <u>Daniel v. Smith</u>, 266 Ga. App. 637 (2004) by such actions, Defendants will be liable for attorneys' fees and expenses.

**WHEREFORE**, Plaintiff prays, that:

(a)

Summons and Complaint be served upon Defendants according to the law;

(b)

Plaintiff recover all damages claimed in the paragraphs above, and any other damages authorized by Georgia law under the evidence produced at trial, as well as any damages contemplated in <u>Daniel v. Smith</u> and O.C.G.A. §13-6-11 as referenced above;

(c)

Plaintiff recover from all Defendants, jointly and severally, for medical expense, physical pain and suffering, mental pain and suffering, disability and loss of quality of life in such amount as may be supported by the evidence and determined by the enlightened conscience of fair and impartial jurors;

(d)

All costs of this action be taxed against Defendants;

(e)

That Plaintiff recover all special and general damages allowed by law in an amount to be shown by the evidence;

(f)

For such other and further relief as this Court shall deem just and appropriate.

Respectfully submitted, this 25<u>th</u> day of June, 2020.

**CHANCO SCHIFFER LAW, LLC**

3355 Lenox Road, N.E., Suite 750
Atlanta, Georgia 30326
404-842-0909
404-719-4273 facsimile

/s/ Douglas B. Chanco
Douglas B. Chanco
Georgia Bar No. 139711
doug@csfirm.com
Andrew S. Travis
Georgia Bar No. 159074
andy@csfirm.com
Attorneys for Plaintiff

E-FILED IN OFFICE - CP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**20-C-03929-S2**
**6/25/2020 10:51 AM**

CLERK OF STATE COURT

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** Gwinnett **County**

**For Clerk Use Only**

**Date Filed** _____   **Case Number** __20-C-03929-S2__
MM-DD-YYYY

**Plaintiff(s)**
Felix, Curticha
Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix

**Defendant(s)**
Shafu, Michelle
Last    First    Middle I.    Suffix    Prefix

Lyft, Inc.
Last    First    Middle I.    Suffix    Prefix

The Traveler Companies, Inc.
Last    First    Middle I.    Suffix    Prefix

Last    First    Middle I.    Suffix    Prefix

**Plaintiff's Attorney** Douglas Chanco   **Bar Number** 139711   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number              Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

**E-FILED IN OFFICE - CP**
**CLERK OF STATE COURT**
**GWINNETT COUNTY, GEORGIA**
**20-C-03929-S2**
**6/25/2020 10:51 AM**
*[signature]*
CLERK OF STATE COURT

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Curticha Felix**

PLAINTIFF

CIVIL ACTION NUMBER: **20-C-03929-S2**

VS.

**Lyft, Inc. c/o CT Corp. System**

**289 S. Culver Street**

**Lawrenceville, GA  30046**

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Douglas B. Chanco
Andrew S. Travis
3355 Lenox Road, NE, Ste. 750
Atlanta, GA  30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **25TH** day of **JUNE**, 20 **20**.

Richard T. Alexander, Jr.,
Clerk of State Court

By _[signature]_
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011